SWEENEY DETECTIVE BUREAU, INC. v. MIKE HOLM.[1]

October 9, 1925.

No. 24,955.

**License tax on armored automobile transporting money from bank to bank.**
    An armored automobile, engaged in transporting bank messengers, having large amounts of money in their possession, from bank to bank, within the cities of Saint Paul, Minneapolis, and South Saint Paul, is not engaged in commercial passenger transportation, nor as a truck or trailer in commercial freighting on regular time or route schedule, so as to subject it to a 10 per cent license tax upon its value, but is subject to a tax of 2¾ per cent on its value within the meaning of section 2674, G. S. 1923.

    See Carriers, 10 C. J. pp. 49, § 25 (Anno); 608, § 1034 (Anno).

Action in the district court for Ramsey county. The case was tried before Boerner, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Deputy Attorney General, for appellant.

*Stan D. Donnelly* and *Warren Newcome,* for respondent.

[1] Reported in 205 N. W. 270.

QUINN, J.

This is an action, brought against the State Registrar of Motor Vehicles, to recover what is claimed to be an excess or overcharge for a license fee on a motor vehicle for the years 1924 and 1925. The cause was tried in the district court where findings and an order for judgment were made in favor of the plaintiff. Defendant moved for amended findings or for a new trial, and from an order denying his motion appealed.

The decisive question to be determined in this lawsuit is whether, under section 2674, G. S. 1923, the vehicle is subject to a license tax of $2\frac{3}{4}$ per cent on its value, or at the rate of 10 per cent for each calendar year. The statute provides that motor vehicles shall be taxed on the basis and at the rate, for each calendar year, as follows: Motor vehicles for carrying passengers and hearses, $2\frac{3}{4}$ per cent of value; trucks, tractors, trailers, $2\frac{3}{4}$ per cent of value; trucks and trailers engaged in commercial freighting on regular time or route schedule, and busses and carriers of passengers for hire, engaged in commercial passenger transportation, *other than taxicabs and vehicles engaged in livery business,* 10 *per cent of value.*

The motor vehicle in question was equipped with a specially constructed closed body, attached to the chassis, bullet proof and locking from the inside, in order to render safe transportation to bank messengers and others having in custody money, valuable papers, bonds and other securities. It is constructed and designed to carry guards, to accompany and protect the persons so in custody of such money and securities, and is so equipped as to accommodate and seat about 10 persons, and is designed to be secure against attacks from highwaymen. The plaintiff furnishes the vehicle and calls at such point or place as is designated by the person so contracting for its use, and there takes on board such persons or employes as are designated by the firm or corporation hiring the same, usually or always having in their possession moneys, valuable securities, payrolls and the like, together with such guards as may be desired to protect such messengers and their luggage, and thereupon transports such persons, with their luggage, to and from points desig-

nated by the messenger within the cities of Saint Paul, Minneapolis and South Saint Paul.

The employer directs the time and place of starting and the route to be traveled, the time and place of return, and has the exclusive use of the vehicle which is, in no manner, open to the use of the general public. The valuable articles conveyed are at no time in the possession of the carrier, but remain in the actual physical possession of the messengers, sometimes in their pockets and sometimes in grips or bags which they keep in their laps or between their feet. Upon arrival at their destination or stopping point, the messengers carry their valuables from the car into the building where they wish to go. At the time of starting upon their journey, no receipt is received from the carrier nor does the carrier have any information as to the character or value of the valuables so carried. All the information it has is that it has one or more persons to carry, with their hand grip, in case they have such in their possession, the understanding being that the messengers are carrying money or valuable papers which require protection against highwaymen. The services rendered are paid for monthly, on a per diem basis.

It is clear from the record that the vehicle was not engaged in commercial passenger transportation, nor was it used as a truck or trailer, engaged in commercial freighting on regular time or route schedule for hire, within the meaning of the statute. The purpose of a bullet-proof body on the vehicle, as well as the presence of armed guards, is to protect and make safe the transportation of the valuable luggage in possession of the messengers, but that fact does not mean that the vehicle was being used in commercial passenger transportation, for hire, nor as a truck or trailer, engaged in commercial freighting on regular time or route schedule, so as to bring it within the class of vehicles subject to a tax of 10 per cent of their value, under the statute. Not being subject to the 10 per cent rate, the vehicle comes within the class subject to the lesser rate of $2\frac{3}{4}$ per cent of its value. We are of the opinion, and hold, that the result reached by the trial court was right.

Affirmed.